UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLYTHER J. RODRIGUEZ-RODRIGUEZ,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN, F.C.I. MENDOTA,<br><br>  Respondent. | No. 1:24-cv-00666-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[TWENTY-ONE DAY DEADLINE]** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On June 7, 2024, Petitioner filed the instant petition in this Court. He is in the custody of the Bureau of Prisons ("BOP") at FCI-Mendota. He challenges the computation of his federal sentence by the BOP. He claims the BOP wrongfully found him ineligible to receive earned time credits under the First Step Act. The petition is unexhausted. Therefore, the Court will recommend the petition be DISMISSED without prejudice.

**DISCUSSION**

**I.      Exhaustion**

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v.

Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).  Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id.  If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

The first step in seeking administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13.  When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel.  28 C.F.R. § 542.10 et seq.

Petitioner concedes that he has not administratively exhausted his claims, but he claims exhaustion should be waived for futility because he is challenging an established BOP policy. Petitioner states his initial release date was scheduled for July 25, 2024.  He cites to BOP calculations made on January 16, 2024, and February 16, 2021, where it was indicated that Petitioner had no detainers lodged against him.  (Doc. 1 at 18, 21.)  He states that on May 8, 2024, an immigration detainer was lodged which caused his date of release to be changed to July 25, 2025.  Petitioner claims that he should be entitled to First Step Act ("FSA") time credits despite the detainer.

Prior to November 18, 2022, the BOP did take the position that inmates with detainers were ineligible for FSA credits.  However, on November 18, 2022, the BOP issued Program Statement 5410.01 modifying its procedures to allow inmates with detainers to earn FSA credits; inmates still could not have those credits applied until the detainers were resolved. U.S. Dep't of

2

1   Justice, Federal Bureau of Prisons, Program Statement No. 5410.01, <u>First Step Act of 2018 -</u>
2   <u>Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4)</u>, at 17 (Nov. 18, 2022),
3   https://www.bop.gov/policy/progstat/5410_01.pdf (*last visited* June 23, 2023). On February 6,
4   2023, the BOP issued a change notice to the program statement in which the BOP deleted the
5   requirement that inmates have no detainers in order to have FSA credits applied to their sentence.
6   U.S. Dep't of Justice, Federal Bureau of Prisons, <u>Change Notice to Program Statement No.</u>
7   <u>5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C.</u>
8   <u>3632(d)(4)</u> (Feb. 6, 2023), https://www.bop.gov/policy/progstat/5410.01_cn.pdf (*last visited* June
9   23, 2023).  Thus, Petitioner is no longer barred pursuant to BOP policy from earning FSA credits
10  and having them applied to his sentence solely due to a detainer.

11  Petitioner claims he does not have a Final Order of Removal; however, the detainer
12  attached to his petition indicates a Final Order of Removal was in fact charged against him. (Doc.
13  1 at 20.)  Petitioner claims exhaustion should be waived for futility because he is challenging an
14  established BOP policy.  This is pure speculation.  As noted above, the BOP no longer disallows
15  inmates with detainers from earning and applying FSA credits.  The BOP disallows inmates with
16  Final Orders of Removal from applying FSA credits, but this is in accordance with the governing
17  statute. <u>See</u> 18 U.S.C. § 3632(d)(4)(E)(i) (A prisoner is ineligible to apply time credits under
18  subparagraph (C) if the prisoner is the subject of a final order of removal).

19  To the extent there is a question whether Petitioner is subject to a Final Order of
20  Removal, the issue should have been raised first to the BOP.  Although the exhaustion
21  requirement is subject to waiver in § 2241 cases "it is not lightly to be disregarded." <u>Murillo v.</u>
22  <u>Mathews</u>, 588 F.2d 759, 762, n.8 (9th Cir. 1978) (citation omitted).  A "key consideration" in
23  exercising such discretion is whether "relaxation of the requirement would encourage the
24  deliberate bypass of the administrative scheme[.]" <u>Laing v. Ashcroft</u>, 370 F.3d 994, 1000 (9th
25  Cir. 2004) (internal quotation marks omitted). In this case, it is clear that Petitioner has
26  deliberately bypassed the administrative review process.  Such action should not be encouraged.
27  The Court finds the petition should be dismissed for lack of exhaustion.
28

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a district judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice for failure to exhaust administrative remedies.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __June 11, 2024__          /s/ *Sheila K. Oberto*
                                  UNITED STATES MAGISTRATE JUDGE