UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLYTHER J. RODRIGUEZ-RODRIGUEZ,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN, F.C.I. MENDOTA,<br><br>  Respondent. | No. 1:24-cv-00666-KES-SKO (HC)<br><br>**ORDER DENYING MOTION TO SUPPLEMENT PETITION**<br><br>[Doc. 9] |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On June 12, 2024, the Court issued Findings and Recommendations to dismiss the petition as unexhausted. (Doc. 6.) On July 8, 2024, Petitioner filed objections to the Findings and Recommendations. (Doc. 7.) The Findings and Recommendations are now pending review by the District Judge.

On January 13, 2025, Petitioner filed a document entitled "Supplement to 2241 Motion." (Doc. 9.) In this supplement, Petitioner states that his co-defendant received the same sentence he did, yet he discovered his co-defendant has already been released. Petitioner claims this violates equal protection principles. Rule 15(d) of the Fed. Rules of Civil Procedure allows for supplemental pleadings to the extent a party seeks to "set[] out any transaction, occurrence, or

1

event that happened after the date of the pleading to be supplemented." The event that Petitioner seeks to set forth has no bearing on his petition. Petitioner's co-defendant may have received the same sentence, but the manner in which that sentence was served is completely independent of Petitioner's sentence. There are a great many reasons why Petitioner's co-defendant may have been released prior to Petitioner. Foremost, the co-defendant may not have a Final Order of Removal charged against him whereas Petitioner does. For this reason, Petitioner's motion to supplement will be denied.

In addition, Petitioner's argument goes to the merits of his claims, but the Court has issued Findings and Recommendations to dismiss the petition as unexhausted. As the Court noted, the matter should have been presented first to the Bureau of Prisons ("BOP"). Petitioner believes only an immigration detainer has been lodged against him. The detainer he attached to the petition indicates a Final Order of Removal was charged against him. Whether he has an actual Final Order of Removal charged against him is a factual issue that could and should have been raised first to the BOP. As noted by the Court in its Findings and Recommendations, prior to February 6, 2023, the BOP did take the position that inmates with detainers lodged against them were ineligible for application of First Step Act credits. However, on February 6, 2023, the BOP issued a change notice which deleted the requirement that inmates have no detainers prior to application of credits. Thus, Petitioner would be eligible for application of First Step Act time credits if he only has a detainer lodged against him. The question should have been directed to the BOP to investigate and correct any errors, but Petitioner instead elected to bypass the BOP and proceed directly to the Federal Court in violation of the exhaustion requirement.

For the foregoing reasons, Petitioner's motion to supplement his petition is DENIED.

IT IS SO ORDERED.

Dated:  **January 15, 2025**                    /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE