UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLYTHER J. RODRIGUEZ-RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, F.C.I. MENDOTA,<br><br>Respondent. | No.  1:24-cv-00666-KES-SKO (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>Doc. 1 |

Petitioner Slyther J. Rodriguez-Rodriguez is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The petition asserts that the Bureau of Prisons ("BOP") refused to apply earned time credits under the First Step Act because petitioner is subject to an immigration detainer.  Doc. 1 at 6. Petitioner asserts that, had BOP applied those earned time credits, his release date would have been July 25, 2024. *Id.* at 18.  However, because BOP refused to apply those earned time credits, his release date was changed to July 25, 2025. *Id.*  Petitioner requests judicial review pursuant to

1

the Administrative Procedure Act of BOP's determination in the 2022 version of Program Statement 5410.01 that inmates subject to immigration detainers are not entitled to have earned time credits applied to their sentences. *Id.* at 16–18.

The assigned magistrate judge issued findings and recommendations to dismiss the petition as unexhausted. Doc. 6. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. The petitioner timely filed objections to the findings and recommendations. Doc. 7.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. The Court declines to address the findings and recommendations and instead dismisses this case as moot.

A federal court does not have jurisdiction over a habeas petition unless the petitioner is "in custody." *Zichko v. Idaho*, 247 F.3d 1015, 1019 (9th Cir. 2001), *as amended* (June 5, 2001). "The general rule concerning mootness has long been that a petition for habeas corpus becomes moot when a prisoner completes his sentence before the court has addressed the merits of his petition." *Id.* (quoting *Larche v. Simons,* 53 F.3d 1068, 1069 (9th Cir.1995)). Petitioner was released from custody on July 25, 2025. Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (utilizing petitioner's BOP Register Number, 09676-104);[1] *see also* Doc. 1 at 18 (noting that, without applying earned time credits, petitioner was scheduled to be released on July 25, 2025. Therefore, the petition is moot and must be dismissed. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (habeas petition must be dismissed once it becomes moot).

In the event a notice of appeal is filed, a certificate of appealability will not be required because this is an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241,

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). Courts regularly take judicial notice of information available on online inmate locators. *See, e.g.*, *See United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of BOP's online Inmate Locator to determine date defendant was released from custody). The Court takes judicial notice of the information available on BOP's inmate locator.

not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681–682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Accordingly,

1. The petition for writ of habeas corpus is dismissed without prejudice as moot; and
2. The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated:   August 27, 2025

UNITED STATES DISTRICT JUDGE